**KAREN M. VICKERS,** OSB No. 913810
kvickers@mershanlaw.com
**BLAKE H. FRY,** OSB No. 100128
bfry@mershanlaw.com
MERSEREAU SHANNON LLP
One SW Columbia Street, Suite 1600
Portland, Oregon 97258-2089
Telephone: 503.226.6400
Facsimile: 503.226.0383

      Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| COTY RICHARDSON,<br><br>      Plaintiff,<br><br>v.<br><br>NORTHWEST CHRISTIAN UNIVERSITY, an Oregon Corporation,<br><br>      Defendant. | Case No. 6:15-cv-01886-AA<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

For its answer to plaintiff's First Amended Complaint ("Complaint"), defendant Northwest Christian University ("NCU") admits, denies, and alleges as follows:

1.

Admits plaintiff was an Assistant Professor of Exercise Science at NCU and that her employment was terminated effective July 22, 2015, but deny the remainder of paragraph 1.

2.

Denies paragraph 2.

3.

Admits paragraph 3.

PAGE 1 -   DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

4.

Admits that NCU is an Oregon Nonprofit Corporation. The remainder of paragraph 4 contains a legal conclusion to which no response is necessary.

5.

Admits that jurisdiction is proper.

6.

Admits paragraph 6.

7.

Admits paragraph 7.

8.

Admits venue is proper.

9.

Admits that NCU is a regionally accredited Christian Liberal Arts University located in Eugene, Oregon, which was established in 1895 and has a mission and vision as stated at www.nwcu.edu.

10.

Admits that NCU hires faculty based on a number of criteria including a maturing Christian faith and support of NCU's mission to develop competent, ethical leaders for service in the workplace, community, Church and world.

11.

Admit that NCU's staff/faculty personnel policy handbook provides: "The University's policy is not to discriminate against any employee or applicant for employment because of age… race, color, sex, national origin or ancestry, marital status, disability, sexual orientation, or any other protected status to

the extent prohibited by applicable non-discrimination laws with respect to hiring, promotion, demotion, transfer, recruitment, termination, salary level or other forms of compensation, or any other term or condition of employment."

12.

Lacks sufficient knowledge or information to admit or deny paragraph 12.

13.

Lacks sufficient knowledge or information to admit or deny paragraph 13.

14.

Admits that plaintiff was hired as a part-time Instructor of Exercise Science and commenced employment on August 15, 2011, but lacks sufficient knowledge or information to admit or deny the remainder of paragraph 14 and therefore denies the same.

15.

Admits that plaintiff was given the NCU Staff/Faculty Personnel Manual, the contents of which speak for itself.

16.

Admits that plaintiff was hired as a full-time Instructor of Exercise Science starting August 15, 2012.

17.

Admits paragraph 17.

18.

Admits that plaintiff's 2015-2016 faculty contract provides that she must "[f]ollow the current Faculty Handbook as it pertains to faculty roles and responsibilities," and that the handbook speaks for

PAGE 3 -    DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

itself, but lacks sufficient knowledge or information to admit or deny the remainder of paragraph 18.

19.

Lacks sufficient knowledge or information to admit or deny paragraph 19.

20.

Lacks sufficient knowledge or information to admit or deny paragraph 20.

21.

Admits that on May 21, 2015, plaintiff emailed Dr. Dennis Lindsay, Vice President for Academic Affairs and Dean of Faculty, and Heike McNeil, and the contents of that email speak for itself.

22.

Denies paragraph 22.

23.

Denies paragraph 23.

24.

Denies paragraph 24.

25.

Denies paragraph 25.

26.

Denies paragraph 26.

27.

Denies paragraph 27.

28.

PAGE 4 -    DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Denies paragraph 28.

29.

Admits that Dr. Lindsay sent plaintiff a letter dated July 22, 2015, the contents of which speak for itself.

30.

Except as admitted above, denies each and every remaining allegation of plaintiff's complaint and the whole thereof.

## FIRST DEFENSE

### (Failure to State a Claim)

31.

Plaintiff has failed to allege ultimate facts sufficient to constitute a claim for relief.

## SECOND DEFENSE

### (Statutory Limit on Non-Economic Damages Pursuant to ORS 31.710(1))

32.

The doctrine of charitable immunity in place at the time of Oregon's statehood and the adoption of the Oregon Constitution would have precluded a jury from considering plaintiff's claims against NCU in this case. Therefore, the statutory limit of $500,000 established in ORS 31.710(1) limits plaintiff's claims for non-economic damages to that amount.

## THIRD DEFENSE

### (First Amendment)

33.

Imposing liability against NCU would violate the Freedom of Religion clauses and the First

Amendment to the United States Constitution, and/or Article I, Sections 2 and 3 of the Oregon Constitution.

## FOURTH DEFENSE

### (BFOQ)

34.

NCU's action was consistent with a Bona Fide Occupational Qualification for NCU.

## FIFTH DEFENSE

### (Failure to Mitigate Damages)

35.

Plaintiff has failed to mitigate her damages.

## SIXTH DEFENSE

### (Legitimate Non-discriminatory Reason)

36.

Defendant's actions were taken for a legitimate non-discriminatory reason.

37.

NCU reserves the right to amend and supplement its Answer to plaintiff's First Amended Complaint as the case develops through discovery or otherwise.

///

///

///

WHEREFORE, NCU requests judgment dismissing plaintiff's Complaint with prejudice.

DATED: October 22, 2015.

        MERSEREAU SHANNON LLP

        */s/ Karen M. Vickers*
        **KAREN M. VICKERS,** OSB No. 913810
        kvickers@mershanlaw.com
        **BLAKE H. FRY,** OSB No. 100128
        bfry@mershanlaw.com
        503.226.6400
        Of Attorneys for Defendant