Daniel Kalish, OSB No. 111529
Jason A Rittereiser, (*pro hac vice* application forthcoming)
Shemia Fagan, OSBA No. 093476
HKM Employment Attorneys LLP
308 SW First Ave., Suite 325
Portland, OR 97204
Tel: (503) 389-1130
dkalish@hkm.com
jrittereiser@hkm.com
sfagan@hkm.com

Of Attorneys for Plaintiff Coty Richardson

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| COTY RICHARDSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>NORTHWEST CHRISTIAN UNIVERSITY,<br>an Oregon Corporation,<br><br>                    Defendant. | Case NO. 6:15-cv-01886-AA<br><br>**SECOND AMENDED<br>COMPLAINT**<br><br>Prayer Amount $ 9,999,999<br>ORS 21.160(1)(c)<br><br>JURY TRIAL DEMANDED |

Plaintiff COTY RICHARDSON alleges against Defendant NORTHWEST

CHRISTIAN UNIVERSITY as follows:

## I.  INTRODUCTION

1.

Coty Richardson was an Assistant Professor at Northwest Christian University where

she taught in the Exercise Science program.  On July 22, 2015, she was fired for becoming

pregnant out of wedlock.

2.

As a single mother, Ms. Richardson has been in a 12-year relationship with a man who resides in the state of Washington. Ms. Richardson and her partner learned that they are expecting their first child together, due this November. After learning of her pregnancy, Ms. Richardson notified the University, including Dr. Dennis Lindsay, Vice President for Academic Affairs and Dean of Faculty, to address any scheduling conflicts that her maternity may have had in the upcoming fall semester. Instead of supporting her pregnancy, the University singled out Ms. Richardson as unmarried and gave her an ultimatum: she had to either (1) proclaim the pregnancy a mistake and dissociate with the father of her child or (2) marry him immediately and provide proof of their union. Dr. Lindsay told Ms. Richardson that having a child out of wedlock while still continuing a relationship with the father was inconsistent with the University's core values and mission and set a "bad example" for the students. When Ms. Richardson refused the University's demands and requested privacy in her personal life, she was locked out of the University and her employment was terminated.

## II. PARTIES

3.

Plaintiff Coty Richardson ("Ms. Richardson") is an individual residing in Lane County, Oregon. She was employed by Northwest Christian University as an Assistant Professor of Exercise Science from approximately August 2011 to July 22, 2015.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

4.

Defendant Northwest Christian University ("NCU") is an Oregon corporation that transacts business in Lane County and throughout Oregon and has its principal place of business in Eugene.  NCU is an "employer" subject to state and federal statutes governing employment discrimination including ORS 659A and 42 U.S.C. §12111, and is responsible for the acts and omissions of its officers, supervisors, and employees.

### III. JURISDICTION

5.

The Circuit Court of the State of Oregon has jurisdiction over this action pursuant to ORS 14.030, and because NCU is an Oregon corporation and has purposefully availed itself of the privileges of doing business in Lane County.  NCU employed Plaintiff in Oregon, and the causes of action complained of herein arise under Oregon civil rights and wage statutes, the common law torts of intentional infliction of emotional distress and wrongful termination, the theories of breach of contract and specific promises in specific situations, and under Title VII of the 1964 Civil Rights Act, by itself and as amended.

### IV. EXHAUSTED ADMINISTRATIVE REMEDIES

6.

Ms. Richardson filed a charge of discrimination with the United States Equal Employment Opportunity Commission.   On September 4, 2015, the EEOC issued a Notice of Right to Sue, providing that the lawsuit under Title VII of the United States Civil Rights Act must be filed within 90 days of receipt of said "right to sue" notice.  Plaintiff therefore has exhausted her administrative remedies.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

## V.  VENUE

7.

At all times material to this action Defendant NCU conducted business in the state of Oregon.  NCU's principal location is located at 828 East 11th Ave, Eugene, OR 97401.

8.

All or a substantial portion of the acts complained of herein occurred in Lane County, Oregon.  Venue is proper pursuant to ORS 14.050 and 14.080.

## VI. FACTS

9.

NCU is a private Christian University located in Eugene that has been educating students for nearly 120 years.  While considered a "Christ-centered community," NCU "welcome(s) students who have no faith commitment or are from other faith commitments," and "is not a 'church,' nor . . . [does it] require students to be Christians or to subscribe to any faith statement."  NCU prides itself on providing "a transformational educational experience that champions wisdom, faith and service," and promotes "an environment of openness, freedom of expression, and respect for one another."

10.

NCU hires faculty according to their expertise within their field, their commitment to and excellence in teaching, and their potential to promote student growth and learning.  The employment of faculty is the responsibility of the Vice President for Academic Affairs and Dean of the Faculty.

ORNEYS LLP
uite 325
7204
0

11.

NCU makes a commitment to its faculty and maintains a policy prohibiting discrimination in the employment and treatment of its employees:  "The University's policy is not to discriminate against any employee or applicant for employment because of age, race, color, sex, national origin or ancestry, marital status, disability, sexual orientation, or any other protected class with respect to hiring, promotion, demotion, transfer, recruitment, or termination."

12.

Ms. Richardson is highly educated and holds a degree in nutrition science and a master's degree in kinesiology.  She was attracted to NCU because the University combines not only strong academics, but also a commitment to faith.

13.

Ms. Richardson's faith is incredibly important to her.  When hired by NCU, Ms. Richardson provided a "Faith Statement" required by the University.  In her statement Ms. Richardson gives thanks to God "for all of the blessings in my life, the truths, the lessons, even the struggles because without those I would not truly appreciate the beautiful grace of God in my life that I have allowed to take hold of my heart and mind and body and soul."

14.

In 2011, as a result of her expertise in her field of exercise science, Ms. Richardson was hired by NCU, first as an Instructor.  Ms. Richardson had great respect for NCU, its values, its mission, and its goals.  She loved her job, and she enjoyed the challenge of teaching.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

15.

At the start of her employment, Ms. Richardson was given a Faculty Handbook and a Staff and Faculty Personnel Manual. These state that NCU maintains a "discrimination and harassment-free environment where people treat one another with respect." The handbook specifically said that it is NCU's policy "not to discriminate against any employee . . . because of . . . sex . . . marital status . . . or any other protected class with respect to hiring, promotion, demotion, transfer, recruitment, and termination." The handbook provides for specific procedures for termination, including a right to be notified and to meet with a faculty review panel.

16.

By all accounts, Ms. Richardson was an excellent Instructor and NCU was very happy with her performance. After just one year, she was promoted to a full-time faculty position. Her employment reviews have been superlative, both from supervisors and from students, and she was consistently recognized for her dedication, performance, and skills. She loved her job, and NCU likewise thought highly of her.

17.

In February 2015, Ms. Richardson was promoted again to the position of Assistant Professor of Exercise Science. She was provided a faculty employment contract with NCU for the academic year 2015-2016. The contract was executed on February 25, 2015 with a commencement date of August 15, 2015. It was a continuing contract for nine months, and appointed Ms. Richardson to serve as an Assistant Professor of Exercise Science with a full teaching load. This employment agreement was signed by

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

her, the President of the University, the Vice President for Finance, and the Vice President of Academic Affairs and Dean of the Faculty, Dr. Dennis Lindsay.

18.

This faculty contract states that the parties must abide by the conditions stated in the Faculty Handbook and the Staff and Faculty Personnel Manual. The handbook indicates that NCU would not discriminate against her as a result of her sex, her marital status, or any other protected status. Relying on these statements in the handbook, Ms. Richardson believed that she would not be discriminated against as a result of her marital status, gender, pregnancy, or religion.

19.

Ms. Richardson is a single mother of two children. For the past twelve years, she has been in a committed relationship with a man who lives in the state of Washington. They love each other and have discussed marriage several times.

20.

In early 2015, Ms. Richardson became pregnant with their first child. She and her partner discussed marriage, but felt that the time was not right, from a financial, emotional, and practical perspective. Instead, they made the decision to co-parent with the hope that one day they would get married.

21.

In May 2015, Ms. Richardson notified the University that she was pregnant in order to ensure that her maternity would not cause any scheduling issues for the fall semester. She emailed Hieke McNiel, the Program Director for Exercise

SECOND AMENDED COMPLAINT - 7

Science, as well as Dr. Dennis Lindsay, the Vice President for Academic Affairs and Dean of Faculty.  Ms. Richardson explained that her due date was in late November, and she provided some suggestions (e.g., take-home exams) on how to handle the last few weeks of the semester if she were out on maternity leave.

22.

NCU's response was swift, blunt, and unequivocal.  Dr. Lindsay scheduled a meeting with Ms. Richardson, and in that meeting, emphasized that the "scheduling" issues were not "the problem" with her pregnancy.  According to him, the issue was that she was going to be "showing" soon and that many of the students and staff would start to "ask questions."  Dr. Lindsay then demanded that she explain the status of her relationship with her partner.

23.

Ms. Richardson felt very uncomfortable talking about her personal life, but felt incredible pressure to respond.  She told Dr. Lindsay that she was not married to the father of her child, but that they loved each other, and they hoped to get married in the future.  That answer did not satisfy Dr. Lindsay.

24.

In response, Dr. Lindsay gave Ms. Richardson an ultimatum: she could either (1) declare the pregnancy a mistake and end the relationship with her partner, the father of her unborn child, or (2) get married to him and provide proof to Dr. Lindsay of their union.  If Ms. Richardson did not do either of these by the end of August, her employment with NCU would be terminated.  According to Dr. Lindsay, having a child out of wedlock while still continuing a relationship with the child's father was

SECOND AMENDED COMPLAINT - 8

inconsistent with the University's core values and mission and set a bad example for students.

25.

Ms. Richardson was mortified and crushed. Her career was being threatened because she became pregnant and refused to cut ties with the father of her child and her partner of twelve years. They live in different states because of their jobs, and they did not feel it was the right time for them to marry. As a single mother of two children with a third on the way, Ms. Richardson was distraught at the thought of losing her health insurance, benefits, and source of income.

26.

Despite giving her until the end of August to decide what to do, Dr. Lindsay called Ms. Richardson multiple times to inquire of her decision. He left a voicemail for her asking whether she had decided to end her relationship with her partner or marry him.

27.

In response, Ms. Richardson communicated with Dr. Lindsay several times to tell him that her decisions about her pregnancy and her relationship with her partner were personal matters that have nothing to do with her employment and exemplary performance at NCU. On July 6, 2015 Dr. Lindsay informed Ms. Richardson that she had seven days to decide whether to cut ties with her partner or marry him. On July 14, 2015, Ms. Richardson sent Dr. Lindsay a letter requesting privacy on the matter and expressing her wish not to discuss her personal life and circumstances.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

28.

On July 28 2015, Ms. Richardson tried to log into her work email, but she was denied

access.   She called the IT Department and was told that her account had been disabled and

that she had been re-classified as a "former employee."  Apologetically, the IT person said,

"Dr. Lindsay hasn't talked to you about your situation yet?"

29.

Two days later, Ms. Richardson received a letter from NCU dated July 22, 2015,

informing her that the University's "core values do not allow for the lifestyle which you have

chosen and . . . intend to continue."  Then for the first time, Dr. Lindsay's letter proclaims

that, "sexual relations outside of marriage is [sic] contrary to the University's core values,"

and that "you are a single mother and your pregnancy would result in a very demonstrative

violation of that core value."  Without providing Ms. Richardson an opportunity to present

her case to a faculty review panel or engage in the proper process for termination, Dr.

Lindsay concluded, "your employment with NCU is now at an end."

30.

NCU terminated Ms. Richardson because of her pregnancy, her gender, her marital

status, and her religion.  NCU has stated its intention to not pay Ms. Richardson according to

her faculty contract for the 2015-16 school year.

31.

This experience has been incredibly humiliating and confusing for Ms. Richardson.

Already dealing with some complications with her pregnancy, while carrying her child Ms.

Richardson now has suffered incredible emotional distress,

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

economic loss, and pain and confusion regarding the actions by NCU and Dr. Lindsay.

32.

According to Ms. Richardson's understanding, male employees at NCU who have had children out of wedlock were not fired.  Male employees who were expectant fathers, but not married, were not fired either.  And *married* pregnant women clearly were not fired.

33.

As a result of NCU's discriminatory conduct, Ms. Richardson has suffered and continues to suffer emotional distress and non-economic damages in an amount not to exceed $10,000,000.

34.

As a result of NCU's discriminatory conduct, Ms. Richardson has suffered, and will suffer, economic loss in the amount of $150,000.

35.

NCU's actions as described above were malicious and/or reckless and as a result, Ms. Richardson suffered significant damage and is entitled to the relief claimed below.

## VII.    CLAIMS

### FIRST CLAIM FOR RELIEF

(Pregnancy Discrimination – ORS 659A.029 and ORS 659A.030)

36.

Plaintiff re-alleges paragraphs 1-35.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

37.

NCU violated ORS 659A.029 and 659A.030 by firing Ms. Richardson as a result of her pregnancy.  On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

38.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial but no greater than $10,000,000 as a direct and proximate result of Defendant's discriminatory conduct in violation of ORS 659A.029 and 659A.030.

39.

NCU's discriminatory conduct toward Plaintiff as a result of her pregnancy was malicious and/or reckless and Ms. Richardson is entitled to punitive damages.

40.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107

**SECOND CLAIM FOR RELIEF**

(Sex/Gender Discrimination – ORS 659A.029 and ORS 659A.030)

41.

Plaintiff re-alleges paragraphs 1-40.

42.

NCU violated ORS 659A.029 and 659A.030 by firing Ms. Richardson as a result of her sex.  Male employees who had children out of wedlock

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

were not fired. Male employees who had sex out of wedlock were not fired.  Further, NCU's

policy is discriminatory on its face with respect to female employees because only women

can get pregnant and there is no legal way for Defendant to know if a male employee has a

child out of wedlock.  Further, NCU's policy is discriminatory on its face with respect to

female employees because only women can get pregnant and there is no legal way for

Defendant to know if a male employee has had sex out of wedlock.  On this claim, Ms.

Richardson claims both disparate treatment discrimination and disparate impact

discrimination.

43.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no

greater than $150,000 and non-economic damages in an amount to be proven at trial but no

greater than $10,000,000 as a direct and proximate result of Defendant's discriminatory

conduct in violation of ORS 659A.029 and 659A.030.

44.

NCU's discriminatory conduct toward her as a result of her gender was malicious

and/or reckless and Ms. Richardson is entitled to punitive damages.

45.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees

pursuant to ORS 659A.885 and ORS 20.107

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

**THIRD CLAIM FOR RELIEF**

(Marital Status Discrimination –ORS 659A.030)

46.

Plaintiff re-alleges paragraphs 1-45.

47.

NCU violated 659A.030 by firing Ms. Richardson as a result of her marital status. On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

48.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial but no greate than $10,000,000 as a direct and proximate result of Defendant's discriminatory conduct in violation of 659A.030.

49.

NCU's discriminatory conduct toward her as a result of her marital status was malicious and/or reckless and Ms. Richardson is entitled to punitive damages.

50.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107

SECOND AMENDED COMPLAINT - 14

Hкм Employment Attorneys LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

## FOURTH CLAIM OF RELIEF

(Religious Discrimination –ORS 659A.030)

51.

Plaintiff re-alleges paragraphs 1-50.

52.

NCU violated 659A.030 by firing Ms. Richardson as a result of her religious views, specifically her religious views that it is entirely appropriate for her, as a Christian, to wait until she and her partner are financially, practically, and emotionally ready to get married. On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

53.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial but no greater than $10,000,000 as a direct and proximate result of Defendant's discriminatory conduct in violation of 659A.030.

54.

NCU's discriminatory conduct toward her as a result of her marital status was malicious and/or reckless and Ms. Richardson is entitled to punitive damages.

55.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107.

SECOND AMENDED COMPLAINT - 15

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

**FIFTH CLAIM OF RELIEF**

(Wrongful Termination in Violation of Public Policy)

56.

Plaintiff re-alleges paragraphs 1-55.

57.

NCU wrongfully terminated Ms. Richardson in violation of an important public policy of the state of Oregon, for exercising employment-related rights of public importance, and desiring to perform an important societal obligation or duty.

58.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial but no greater than $10,000,000 as a direct and proximate result of Defendant's actions.

59.

NCU's wrongful termination of Plaintiff was malicious and/or reckless and Ms. Richardson is entitled to punitive damages.

**SIXTH CLAIM OF RELIEF**

(Repudiation of Contract)

60.

Plaintiff re-alleges paragraphs 1-59.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

61.

Ms. Richardson had an employment contract with NCU that provided that she could work for nine months commencing on August 15, 2015.  The employment contract further stated that the parties had to abide by the Faculty Handbook, which stated, among other things, that NCU would not discriminate against her as a result of her marital status, her gender, or any other protected status.

62.

Ms. Richardson fulfilled her duties under the contract, but NCU has told her that it will not honor the contract as a result of, among other things, Ms. Richardson's marital status, pregnancy status, and gender/sex.

63.

NCU violated Ms. Richardson's contractual rights by firing her in violation of the express promises stated in her employment contract and in the Faculty Handbook.

64.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $50,000 as a direct and proximate result of Defendant's breach of contract.


**SEVENTH CLAIM FOR RELIEF**

(Intentional Infliction of Emotional Distress)

65.

Plaintiff re-alleges paragraphs 1-64.

SECOND AMENDED COMPLAINT - 17

66.

Based on the conduct described above, NCU engaged in outrageous conduct, with the intent of causing emotional distress or in reckless disregard of causing emotional distress, Ms. Richardson did suffer severe and/or extreme emotional distress, and the Defendant's outrageous conduct was the actual and/or proximate cause of the emotional distress suffered by Ms. Richardson.

67.

As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered non-economic harm in the form of emotional and mental distress, degradation, embarrassment, and humiliation, for which Plaintiff seeks compensation in the amount no greater than $10,000,000.

68.

NCU's wrongful termination of Plaintiff was malicious and/or reckless and Ms. Richardson is entitled to punitive damages.

**EIGHTH CLAIM FOR RELIEF**

(Violation of the Wage Statutes, ORS 652.150; ORS 652.200; ORS 653.055; ORS 652.230, ORS 652.240)

69.

Plaintiff re-alleges paragraphs 1-68.

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

70.

Based on the conduct described above, NCU has repudiated its employment contract with Plaintiff.  Her compensation in her employment contract is considered wages and, thus, NCU is now liable under the Oregon wage statutes.

71.

As a result of NCU's failure to pay the wages owed and due Plaintiff Richardson, Defendant NCU owes her her wages plus a month's salary, along with reimbursement of her attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**

(Violation of Specific Treatment in Specific Situations)

72.

Plaintiff re-alleges paragraphs 1-71.

73.

Ms. Richardson was provided a Faculty Handbook by NCU.  This handbook stated that NCU would not discriminate against her as a result of her marital status her sex, or any other protected status.

74.

Based on the Faculty Handbook, Ms. Richardson understood that NCU would not discriminate against her as a result of her marital status, gender, pregnancy status or religion. Further, the handbook said that she would not be terminated absent a faculty review of her situation.  This handbook created an atmosphere of job

SECOND AMENDED COMPLAINT - 19

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

security for Ms. Richardson, and she was induced to remain at NCU as a result of the promises stated in the faculty handbook.

75.

By firing Ms. Richardson as a result of her marital status, gender, pregnancy status, and/or religion, NCU breached its promises of specific treatment in specific situations.  And by firing Ms. Richardson without giving her a review of a faculty panel, NCU breached its promises of specific treatment in specific situations.

76.

As a result of this breach, Ms. Richardson has suffered damages in an amount to be proved at trial.

**TENTH CLAIM FOR RELIEF**

(Pregnancy Discrimination – Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et seq., by itself and as amended by the federal Pregnancy Discrimination Act)

77.

Plaintiff re-alleges paragraphs 1-76.

78.

By firing Ms. Richardson as a result of her pregnancy, NCU violated Ms. Richardson's rights under Title VII of the 1964 Civil Rights Act, by itself and as amended. On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

79.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

greater than $150,000 and non-economic damages of no greater than $10,000,000 as a direct

and proximate result of Defendant's discriminatory conduct in violation of Title VII of the

1964 Civil Rights Act, by itself and as amended.

80.

NCU's discriminatory conduct toward Plaintiff as a result of her pregnancy was

malicious and/or willful and/or reckless, and entitles Ms. Richardson to obtain punitive

damages.

81.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees

pursuant to Title VII of the 1964 Civil Rights Act, by itself and as amended.

**ELEVENTH CLAIM FOR RELIEF**

(Sex/Gender Discrimination – Title VII of the 1964 Civil Rights Act, 42 U.S.C.
2000e et seq., by itself and as amended)

82.

Plaintiff re-alleges paragraphs 1-81.

83.

NCU violated Title VII of the 1964 Civil Rights Act by firing Ms. Richardson as a

result of her sex.  Male employees who had children out of wedlock were not fired.  Male

employees who had sex out of wedlock were not fired.  Further, NCU's policy is

discriminatory on its face with respect to female employees because only women can get

pregnant and there is no legal way for Defendant to know if a male employee has a child out

of wedlock.  Further, NCU's policy is discriminatory on its face with respect to female

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

employees because only women can get pregnant and there is no legal way for Defendant to know if a male employee has had sex out of wedlock.  On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

84.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial but no greater than $10,000,000 as a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII of the 1964 Civil Rights Act, by itself and as amended.

85.

NCU's discriminatory conduct toward Plaintiff as a result of her sex was malicious and/or willful and/or reckless, entitling Ms. Richardson to obtain punitive damages.

86.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees pursuant to Title VII of the 1964 Civil Rights Act, by itself and as amended.

### TWELFTH CLAIM FOR RELIEF

(Religious Discrimination –Title VII of the 1964 Civil Rights Act,
42 U.S.C. 2000e et seq., by itself and as amended)

87.

Plaintiff re-alleges paragraphs 1-86.

88.

NCU violated Title VII of the 1964 Civil Rights Act, by itself and as amended by firing Ms. Richardson as a result of her religious views, specifically her religious views that

HKM EMPLOYMENT ATTORNEYS LLP
308 SW First Ave., Suite 325
Portland, Oregon  97204
(503) 389-1130

it is entirely appropriate for her, as a Christian, to wait until she and her partner are financially, practically, and emotionally ready to get married.   On this claim, Ms. Richardson claims both disparate treatment discrimination and disparate impact discrimination.

89.

Plaintiff has suffered economic damages in an amount to be proven at trial, but no greater than $150,000 and non-economic damages in an amount to be proven at trial, but no greater than $10,000,000 as a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII of the 1964 Civil Rights Act, by itself and as amended.

90.

NCU's discriminatory conduct toward Plaintiff as a result of her religious views was malicious and/or willful and/or reckless, entitling Ms. Richardson to obtain punitive damages.

91.

Ms. Richardson is entitled to reasonable attorneys' fees and expert witness fees pursuant to Title VII of the 1964 Civil Rights Act, by itself and amended.

**VIII.   JURY DEMAND**

92.

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

**HKM EMPLOYMENT ATTORNEYS LLP**
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130

# IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and prays for:

A.      Economic damages for past and future wages and benefits loss;

B.      Non-economic damages for emotional distress;

C.      Reasonable attorneys' fees and the costs as permitted by law;

D.      Statutory pre-judgment interest;

E.      Compensation for any tax consequence associated with judgment;

F.      Punitive damages;

G.      Reinstatement; and

H.      Such other relief as the Court may deem just and proper.

Dated this 11th day of December, 2015.

**HKM Employment Attorneys LLP**

*/s/ Dan Kalish*
Daniel Kalish, OSBA No. 111529
Jason Rittereiser (admitted *pro hac vice*)
Shemia Fagan, OSBA No. 093476
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130
dkalish@hkm.com
jrittereiser@hkm.com
sfagan@hkm.com
Of Attorneys for Plaintiff Coty Richardson
Trial Attorney: Daniel Kalish

SECOND AMENDED COMPLAINT - 24

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, I filed the above-document with the United

States Federal Court in the above-entitled action, which will, through electronic means,

provide electronic service through the Court's Case Management/Electronic Case File

System to:

       Karen M. Vickers, OSB No. 913810
       Blake H. Fry, OSB No. 100128
       **Mersereau Shannon LLP**
       One SW Columbia Street, Suite 1600
       Portland, OR 97258-2089
       503-226-6400 ext 206
       503-226-0383 fax
       kvickers@mershanlaw.com
       bfry@merchanlaw.com

       *Attorneys for Defendants*

I certify under penalty of perjury that the foregoing is true and correct.


               */s/ Jordan Frazier*
               Jordan Frazier, Legal Assistant
               HKM Employement Attorneys LLP

**HKM Employment Attorneys LLP**
308 SW First Ave., Suite 325
Portland, Oregon 97204
(503) 389-1130